```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

IN RE:

MOTORS LIQUIDATION COMPANY, et al.,
   f/k/a GENERAL MOTORS CORP., et al.,

-----------------------------------------X    09 Civ. 7794
OLIVER ADDISON PARKER,

                        Appellant,            OPINION

     -against-

MOTORS LIQUIDATION COMPANY, et al.,

                        Appellees.

-----------------------------------------

A P P E A R A N C E S:


          Pro Se

          OLIVER ADDISON PARKER
          283 Codrington Drive
          Lauderdale by the Sea, FL  33308

          Attorneys for Appellee
          Motors Liquidation Company

          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, NY  10153

          Attorneys for Appellee
          The United States of America

          PREET BHARARA
          United States Attorney for the S.D.N.Y.
          86 Chambers Street, 3rd Floor
          New York, NY  10007
          By:  David S. Jones, Esq.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/10/10

**Sweet, D.J.**

General Motors Corporation and certain of its affiliates (collectively, "GM" or the "Debtors") each commenced a case under chapter 11 of title 11, United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on June 1, 2009 (the "Commencement Date") and immediately thereafter moved for approval of the sale of substantially all of their assets to a United States Treasury-sponsored purchaser, NGMCO, Inc. n/k/a General Motors, LLC (the "Purchaser" or "New GM"), pursuant to Section 363 of the Bankruptcy Code (the "Sale" or the "363 Transaction"). The Bankruptcy Court entered an order approving the 363 Transaction dated July 5, 2009 (the "Sale Order"), and issued an 87-page written decision, In re General Motors Corp., 407 B.R. 463 (Bankr. S.D.N.Y. 2009) (the "Sale Opinion" or "Sale Op.").

Appellant Oliver Addison Parker ("Parker" or the "Appellant") filed an appeal of the Sale Order and Sale Opinion, which this court denied as moot in an Opinion issued on April 27, 2010 (the "April 27 Opinion"). Parker has moved for rehearing and/or vacatur of the Sale Order

1

and Sale Opinion, and requested that portions of the April 27 Opinion be excised. Upon the conclusions set forth below, Parker's motions and his request are denied.

**Prior Proceedings**

Familiarity with the facts underlying this dispute and the prior proceedings is assumed.

The instant motion was marked fully submitted on June 9, 2010.

**Parker Has Failed to Demonstrate that the Court Overlooked or Misapprehended Specific Points of Law or Fact**

When "a district court is acting as an appellate court in a bankruptcy case, Bankruptcy Rule 8015 provides the sole mechanism for filing a motion for rehearing." J.P. Morgan Sec., Inc. v. The Spiegel Creditor Trust (In re Spiegel, Inc.), No. 03-11540, 06-CV-13477, 2007 WL 2609966, at *1 (S.D.N.Y. Aug. 22, 2007). Although the "standard for granting a motion for rehearing under Rule 8015 is not set forth in the Rule itself, the Rule's notes 'direct attention to Rule 40 of the Federal Rules of Appellate

Procedure.'" Id. (quoting Oren v. Kass, No. 04-CV-4297, 2005 WL 2859964, at *2 (E.D.N.Y. Nov. 1, 2005)). Rule 40 requires the motion to "state with particularly each point of law or fact that the [movant] believes the court has overlooked or misapprehended and [to] argue in support of the [motion]."

Accordingly, a motion for rehearing "may be granted only where the court has overlooked matters or controlling decisions which might have materially influenced the earlier decision." Consumer Business News & Bus. Channell P'ship v. Fin. News Network Inc. (In re Fin. News Network Inc.), Bankr. No. 90 B 10891, 91 Civ. 4710, 1992 WL 19042, at *1 (S.D.N.Y. Jan. 24, 1992) (quoting Caleb & Co. v. E.I. DuPont de Nemours & Co., 624 F. Supp. 747, 748 (S.D.N.Y. 1985), aff'd, 980 F.2d 165 (2d Cir. 1992)). The purpose of a motion for rehearing is to "direct the court's attention to some material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result." N.Y. v. Sokol, No. 94 CIV. 7392, 1996 WL 428381, at *4 (S.D.N.Y. July 31, 1996), aff'd, 108 F.3d 1370 (2d Cir. 1997). The purpose is "not to permit the [movant] to reargue his case; to attempt

3

to do so would be an abuse of the privilege of making such a [motion]." Id. In addition, "neither new evidence nor new arguments are considered valid bases for Rule 8015 relief." Spiegel, 2007 WL 2609966, at *2.

Parker's request for a rehearing rests on his contention that the Court failed to consider the United States Supreme Court's December 14, 2009 summary order in connection with the Chapter 11 cases of Chrysler LLC (the "Chrysler Summary Order"), which was addressed in a letter submitted by Parker to the Court on January 7, 2010. Parker's January 7 letter was submitted in response to a December 15, 2009 letter submitted by attorneys for Appellees Motors Liquidation Company (f/k/a General Motors Corporation) and NGMCO, Inc. (n/k/a General Motors, LLC). Appellees responded to Parker's letter by letter dated January 14, 2010. Contrary to Parker's contention, the Chrysler Summary Order and the arguments presented in the parties' letters were addressed in the April 27 Opinion. See April 27 Opinion at *15 n.3. Thus, Parker's contention that this law was overlooked is incorrect.

Parker has similarly failed to demonstrate that the Court misapprehended the applicability of the Chrysler

4

Summary Order and United States v. Munsingwear Inc., 340 U.S. 36 (1950), cited therein. In the Chrysler case, after the Second Circuit implemented the instructions of the Supreme Court by dismissing the appeal, the Indiana State Police Pension Trust (the "ISPPT"), the appellant in the Chrysler case, filed a petition with the Second Circuit requesting rehearing or, in the alternative, vacatur of the Chrysler Bankruptcy Court's Section 363 sale approval order, making arguments substantially similar to those presented here by Parker. The ISPPT specifically argued that the Chrysler Summary Order and Munsingwear mandated that the Chrysler bankruptcy sale approval order be vacated. The Second Circuit denied the petition for rehearing. Ind. State Police Pension Trust v. Chrysler LLC (In re Chrysler LLC), No. 09-2311 (2d Cir. May 13, 2010). It rejected the ISPPT's contention that it had overlooked or misapprehended the Supreme Court's instructions, or that either the Chrysler Summary Order or Munsingwear required vacatur of the Bankruptcy's Court's decision. The outcome is no different here: Parker has failed to demonstrate that this Court misapprehended in any way the applicability of the Chrysler Summary Order.

Parker has failed to establish any material point of law or fact the Court overlooked or misapprehended in connection with the April 17 Opinion and has therefore failed to meet his burden pursuant to Fed. R. Bankr. P. 8015 and Fed. R. App. P. 40. Accordingly, his motion for rehearing is denied.

**Parker Has Established No Basis for the Requested Vacatur**

Parker contends that Munsingwear and the Chrysler Summary Order require not only vacatur of the April 27 Opinion, but also vacatur of the Sale Order and remand to the Bankruptcy Court. However, the discussion in Munsingwear of the "established practice of the Court in dealing with a Civil case . . . which has become moot," 340 U.S. at 39, upon which Parker relies, is dictum and does not apply when the mootness was caused by voluntary action. See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 24-25 (1994) (stating that the "principal condition to which [the Supreme Court has] looked [in deciding whether to vacate a judgment] is whether the party seeking relief from the judgment below caused the mootness by voluntary action"). As set forth in detail in the April 27 Opinion, Parker never sought a stay or even an expedited

6

appeal, instead allowing the 363 Transaction to be consummated notwithstanding the provisions of Section 363(m) of the Bankruptcy Code. Thus, vacatur is inappropriate because the mootness of Parker's appeal was caused by Parker's own inaction and omissions. See Karcher v. May, 484 U.S. 72, 83 (1987) (concluding that the "Munsingwear procedure is inapplicable" because the "controversy did not become moot due to circumstances unattributable to any of the parties," but rather because the "controversy ended when the losing party . . . declined to pursue its appeal").

Moreover, Munsingwear has no bearing upon the Sale Order, which is final and binding by virtue of Section 363(m) of the Bankruptcy Code. Section 363(m) is intended to protect the good faith purchasers of property in a bankruptcy sale from reversal or vacatur on appeal of the sale authorization, unless the authorization for the sale and the sale itself were stayed pending appeal. Thus, "appellate jurisdiction over an unstayed sale order issued by a bankruptcy court is statutorily limited to the narrow issue of whether the property was sold to a good faith purchaser." Licensing by Paolo, Inc. v. Sinatra (In re Gucci), 105 F.3d 837, 839 (2d Cir. 1997). "[R]egardless of

7

the merit of an appellant's challenge to a sale order," an appellate court "may neither reverse nor modify the judicially-authorized sale if the entity that purchased or leased the property did so in good faith and if no stay was granted." Id. at 840.

Parker failed to seek a stay of the sale order and, on appeal, failed to establish a lack of good faith on the part of the purchaser.  In the instant motion, Parker presents no additional facts or points of law relevant to the issue of good faith, nor has he identified any law or fact that the Court overlooked or misapprehended. Accordingly, Parker's motion for vacatur is denied.

Parker also requests that the Court excise pages 37 through 78 from the April 27 Opinion.  However, he presents no authority in support of his proposition that a finding of mootness limits or prevents the Court from addressing alternative arguments raised by the parties or otherwise identified by the Court.  There is no such basis for constraining the Court's discretion in crafting a judicial opinion.  It is not unprecedented for a District Court to dismiss an appeal from a Bankruptcy Court order approving a Section 363 sale as moot and, in the same

8

opinion, affirm the Bankruptcy's Court's sale order. See, e.g., Campbell v. Motors Liquidation Co. (In re Motors Liquidation Co.), No. 09 Civ. 6818, 2010 WL 1524763 (S.D.N.Y. Apr. 13, 2010) (finding appeal of Sale Approval Order statutorily moot and affirming Bankruptcy Court Sale Order); BDC Fin., L.L.C. v. Metaldyne Corp. (In re Metaldyne Corp.), 421 B.R. 620 (S.D.N.Y. 2009) (finding appeal of Section 363 sale order statutorily moot and affirming sale order); Bay Harbour Mgmt, L.C. v. Lehman Bros. Holdings Inc. (In re Lehman Bros. Holdings, Inc.), 415 B.R. 77 (S.D.N.Y. 2009) (same); 255 W. 4th Realty Corp. v. Nisselson, Nos. 95 Civ. 7218, 96 Civ. 4177, 1997 WL 154052, at *2 (S.D.N.Y. Apr. 2, 1997) (holding that appeal "is moot in addition to meritless" and affirming Bankruptcy Court's sale order). Parker's request that the Court excise portions of the April 27 Opinion lacks foundation and is therefore denied.

**Conclusion**

For the reasons set forth above, Parker's motions for rehearing and/or entry of a vacatur are denied, and his request that the Court excise portions of the April 27 Opinion is denied.

It is so ordered.

**New York, NY,**
**September 4, 2010**

_____
ROBERT W. SWEET
U.S.D.J.